People v Slade (2024 NY Slip Op 03091)

People v Slade

2024 NY Slip Op 03091

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Ind No. 72071/22 72071/22 Appeal No. 2442 Case No. 2023-01814 

[*1]The People of the State of New York, Respondent,
v
Kareem Slade, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Gamliel Marrero of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Tara A. Collins, J., at motion to controvert search warrant; Timothy Lewis, J., at plea; Steven J. Hornstein, J., at sentencing), rendered March 15, 2023, convicting defendant of criminal possession of a firearm, and sentencing him to five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453 [1st Dept 2024]).
Regardless of whether defendant validly waived his right to appeal, defendant's claim is unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record, defendant has not demonstrated that he has standing to challenge Penal Law § 265.01-b(1), or that this statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 225 AD3d at 455; see also People v Khan, 225 AD3d 552, 553 [1st Dept 2024]; People v Jackson, 225 AD3d 547, 548 [1st Dept 2024]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Gomez, 186 AD3d 422, 423-424 [1st Dept 2020]).
Defendant's valid waiver of his right to appeal also forecloses review of his suppression and excessive sentence claims (see People v Jones, 177 AD3d 566, 567 [1st Dept 2019], lv denied 34 NY3d 1129 [2020]). In any event, based on our in camera review of the unredacted search warrant application and the transcript of the testimony before the issuing court, we find that there was probable cause to issue the warrant, which was not based on stale information and sufficiently described the place to be searched and the items to be seized with particularity. We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024